CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 29, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KATHLEEN C. HAMPTON,<br>    Plaintiff | )<br>) Civil Action No. 5:24-CV-70<br>) |
| v. | )<br>) |
| ROBERT F. KENNEDY,<br>Secretary of United States<br>Department of Health and Human<br>Services,<br>    Defendant | ) By: Michael F. Urbanski<br>) Senior United States District Judge<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Kathleen C. Hampton, proceeding pro se, filed a lawsuit in which she seeks to appeal a decision by the defendant Secretary of the United States Department of Health and Human Services ("Secretary") via the Medicare Appeals Council, to dismiss as untimely her request for review of a decision denying coverage for treatment she received. Compl., ECF No. 1 at 1. This case was referred to the Honorable Joel C. Hoppe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation (R&R) on June 5, 2025, recommending that the court dismiss Hampton's lawsuit for want of jurisdiction. ECF No. 18. Hampton filed objections to the R&R on June 25, 2025. ECF No. 20.

Judge Hoppe also denied a motion by Hampton to appoint counsel to represent her in this lawsuit. Order, ECF No. 19. In the objections Hampton filed to the R&R, she asks this court to reconsider her request for appointment of counsel. ECF No. 20.

As set forth below, the court **OVERRULES** Hampton's objections, ECF No. 20, **ADOPTS** the R&R, ECF No. 18, **DENIES** Hampton's motion for reconsideration of Judge Hoppe's denial of her motion to appoint counsel, ECF No. 20, and **DISMISSES** her lawsuit.

### I. Background

### A. Medicare Appeals Process

Medicare, established by Title XVIII of the Social Security Act, is a federally funded health insurance program for eligible aged and disabled persons. Capital Hospice v. Kennedy, No. 1:23-cv-1741 (RDA/LRV), 2025 WL 961672, at *1 (E.D. Va., Mar. 31, 2025) (citing 42 U.S.C. § 1395 et seq.). In order for items and services to be covered by Medicare, they must be "'reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member.'" Row 1 Inc. v. Becerra, 92 F.4th 1138, 1141 (D.C. Cir. 2024) (quoting 42 U.S.C. § 1395y(a)(1)(A) and citing 42 C.F.R. § 411.15(k)(1)). The Centers for Medicare and Medicaid Services ("CMS") administer the Medicare program on behalf of the Secretary of the Department of Health and Human Services. Id. CMS contracts with private entities known as Medicare administrative contractors who help process claims and administer contracts. Id. (citing 42 U.S.C.§ 1395kk-1). Absent specific circumstances not applicable here, the contractor makes the initial coverage decision as to whether an item or service is reasonable or necessary. Id. (citing 42 U.S.C. § 1395kk-1(a)(4)(A)).

If a claimant is dissatisfied with the initial determination by the Medicare contractor, she may avail herself of a five-tier appeal process. See, generally, 42 U.S.C. § 1395ff and 42 C.F.R. § 405.900 et seq. First, she can seek redetermination from the initial contractor. Almy v. Sebelius, 679 F.3d 297, 300 (4th Cir. 2012) (citing 42 U.S.C. § 1395ff(b)(1)(A)). Second, if

dissatisfied with the result of the redetermination, she can seek reconsideration of the contractor's determinations by a qualified independent contractor ("QIC"). Id. (citing 42 U.S.C. § 1395ff(c)). Third, a claimant can request "a hearing on a decision of a qualified independent contractor" before an ALJ. Id. (citing 42 U.S.C. § 1395ff(d)(1)). Fourth, a party may appeal to the Medicare Appeals Council ("MAC"), a part of the Departmental Appeals Board, for a de novo review of the case. Id. (citing 42 U.S.C. § 1395ff(d)(2)). Finally, a party may bring a civil action in federal court to review the decision of the MAC. Id. (citing 42 U.S.C. § 1395ff(b)(1)(A) and 42 U.S.C. § 405(g)). See also 42 U.S.C. § 405.1136 (setting out requirements for judicial review of adverse MAC decision.)

A claimant must satisfy various administrative requirements to proceed at each stage of appeal. Relevant to Hampton's case is the amount-in-controversy requirement at the third step of administrative review, the timely filing requirement at the fourth step of administrative review, and the amount-in-controversy requirement for seeking judicial review of an adverse MAC determination.

### B. Hampton's Claim

Hampton is a 77-year-old woman with chronic lower back pain who has found that acupuncture treatments with electrical stimulation are effective in treating the pain. The treatments relieve her pain immediately and are "best performed on a regular two-week schedule to maintain [her] stability." Compl., ECF No. 1 at 3–4. Between November 11, 2021, and February 16, 2023, Hampton received twenty-five acupuncture treatments from the Loudoun Medical Group, P.C. App'x C to Compl., ECF No. 1-6 at 11–14; App'x D to Compl., ECF No. 1-7 at 8–9. Medicare denied payment for the treatments to the Loudoun Medical

Group and Hampton appealed, but her claim was denied. At the second level of appeal, the QIC made an "unfavorable" determination because (1) the increased frequency for the service was not medically reasonable or necessary; (2) the documentation provided by the Loudoun Medical Group had missing or invalid documents; and (3) there was no payable or covered indication, per the Local or National Coverage Determination. See, generally, App'x G to Compl., ECF No. 1-10.[1]

Notably, the QIC determined that the provider, Loudoun Medical Group, was liable for the denied charges, because the provider is presumed under the regulations to have knowledge of Medicare coverages and rules. In addition, the provider was prohibited from charging Hampton for the services. Id. at 5, 12. In other words, Medicare denied coverage for the acupuncture treatments at issue but also prohibited Loudoun Medical Group from charging Hampton for the treatments. It is undisputed that Loudoun Medical Group did not bill Hampton for the treatments.

Even though she was not billed for the treatments, by letter dated November 29, 2023, Hampton requested a hearing in front of an ALJ to appeal the denial of Medicare coverage. App'x F, ECF No. 1-9. She argued that Medicare limits on the number of acupuncture treatments for which it would reimburse a provider were unfair and that the decision regarding the necessary number of treatments should be made by the provider. Id. at 3–4. She also argued that her provider had supplied the requested documentation and had not received

---

[1] According to the National Coverage Determination (NCD) for acupuncture for chronic lower back pain, Medicare will cover acupuncture for up to 12 visits in 90 days and an additional 8 sessions will be covered for patients who demonstrate an improvement. No more than 20 acupuncture treatment may be administered annually, and treatment may be discontinued if the patient is not improving or is regressing. https://www.cms.gov/medicare-coverage-database/view/ncd.aspx?NCDId=373 (last viewed Aug. 25, 2025).

4

additional requests for documentation. Id. at 4. On February 8, 2024, Loudoun Medical Group confirmed to the ALJ that Hampton did not owe a balance on her appealed services and asked the ALJ to "proceed with formal withdrawal of [the] case." App'x C, ECF No. 1-6 at 81.

On February 12, 2024, ALJ Kelly Lind dismissed Hampton's request for a hearing. Id. at 18–23. The ALJ explained that a party does not have a right to an ALJ hearing when the amount in controversy requirements at 42 C.F.R. § 405.1006 are not met and that in Hampton's case, the amount in controversy of $180.00 was not met. The amount in controversy is computed as the actual amount charged the individual for the items and services in the disputed claims, minus any Medicare payments already made or awarded for the items or services, and any deductible and coinsurance amounts that may be collected for the items or services. Id. at 23 (citing 42 C.F.R. § 405.1006(d)(1)). In Hampton's case, because the Loudoun Medical Group did not charge Hampton for the acupuncture treatments, the amount in controversy was $0 and therefore insufficient to establish the right to an ALJ hearing. Id.

The Notice of Dismissal from ALJ Lind included instructions for filing an appeal of the dismissal and advised that the MAC must receive a written appeal within 60 calendar days of the date the notice of dismissal was received. Notice, Id. at 19. Hampton was advised that the MAC would assume she received the Notice five calendar days after the date of the notice unless she showed that she did not receive it within the five -day period. She further was advised that the MAC would dismiss a late request unless good cause was shown for not filing it on time. Id.

On April 20, 2024, Hampton mailed a request for review of the ALJ decision to the MAC, which received it April 23, 2024. Id. at 3–4. The MAC dismissed the request for review

5

as untimely filed, calculating that they received it two days past the deadline. Order by MAC, App'x B, ECF No. 1-5 at 4–6. The MAC further found that Hampton's proffered reasons for the delay, including the need for her to do research and medical appointments and proceedings during the relevant period, were insufficient to establish good cause for the late filing. Id. at 5–6.

The MAC advised Hampton that the dismissal of the request for review could be appealed by filing a complaint in federal district court if certain criteria were met. Notice and Order, Id. at 2–3. Relevant to Hampton's case, the amount in controversy requirement to appeal the dismissal in federal court in 2024 was $1,840.00. Id. at 2. Hampton filed the pending complaint in this court on September 23, 2024. ECF No. 1.

On January 10, 2025, the Secretary filed a motion to dismiss, or alternatively, for summary judgment. ECF No. 11. The Secretary argues (1) this court lacks jurisdiction because Hampton's claims do not meet the $1,840 amount-in-controversy requirement for judicial review; (2) even if the court had jurisdiction, substantial evidence supports the MAC's dismissal of Hampton's request for review as untimely; (3) to the extent Hampton is challenging the National Coverage Determinations regarding acupuncture, she fails to state a claim.

Hampton responded to the Secretary's motion on March 4, 2025. ECF No. 16. She asserts that the ALJ should not have dismissed her appeal based on the $180 amount-in-controversy requirement for an administrative appeal because the amount at issue was $3,626. She further argues that her appeal to the MAC was timely filed. Finally, she articulated the relief that she hopes the court will order:

6

> It should be obvious that Plaintiff DOES wish to continue with this case, and its outcome should afford Hampton her Constitutional rights to a trial by jury to determine what Medicare treatments should be approved for Hampton regarding her chronic lower-back pain; and where Medicare is supposed to promote health, not hinder it. A trial by jury should determine those "medically necessary" treatments, leaving to the court those issues which are a matter of law.

Pl.'s Br. in Opp'n, ECF No. 16 at 3. The Secretary filed a reply to this response on March 11, 2025. ECF No. 17.

In Judge Hoppe's R&R, he recommends that Hampton's case be dismissed for want of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Hampton cannot satisfy the amount-in-controversy requirement for this court to exercise jurisdiction over the case. Because he found that the court lacks jurisdiction, Judge Hoppe did not address the Secretary's alternative arguments. R&R, ECF No. 18. Hampton filed objections to the R&R on June 11, 2025, ECF No. 20. Because Hampton is proceeding pro se, the court has liberally construed her pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (commenting that a pro se complaint is held to less stringent standards than formal pleadings drafted by a lawyer).

## II. Discussion

### A. Objections to Magistrate Judge's Report and Recommendation

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure[2] is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007)

---

[2] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

7

(citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) and Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "The district court is required to review de novo only those portions of the report to which specific objections have been made." Roach v. Gates, 417 F. App'x 313, 314 (4th Cir. 2011) (per curiam). See also Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only 'those portions of the report or specified proposed findings or recommendations to which objection is made.'") Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x

8

Case 5:24-cv-00070-MFU-JCH   Document 21   Filed 08/29/25   Page 9 of 14
Pageid#: 407

268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . ..")

Nevertheless, as the court clarified in Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023), "objections need not be novel to be sufficiently specific."

> In Martin v. Duffy, 858 F.3d 239, 245–46 (4th Cir. 2017), this Court exemplified the specificity analysis by looking solely to whether the grounds for objection were clear. There, an objection which merely "restated all of [the] claims" was sufficiently specific because it "alerted the district court that [the litigant] believed the magistrate judge erred in recommending dismissal of those claims." Id. at 246. If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III.

If a litigant could not restate his argument to the district judge, in addition to "needlessly curtailing litigants' access to an Article III judge, such a requirement could leave litigants with no available arguments, as district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation." Id. at n.4.

In the absence of a specific, proper, and timely filed objection, a court reviews an R&R only for "clear error" and need not give any explanation for adopting the R&R. Carr v. Comm'r of Soc. Sec., No. 3:20-cv-00425-FDW-DSC, 2022 WL 987336, at *2 (W.D.N.C. Mar. 31, 2022) (citing Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) and Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983)).

**B. Motion to Dismiss**

The Secretary moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing that Hampton cannot satisfy the amount-in-controversy required for the court to exercise jurisdiction. Because the government is challenging jurisdiction under Rule 12(b)(1), Hampton

9

bears the burden of persuasion of showing the court has jurisdiction. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) (citations omitted).

When appealing a Medicare determination, a claimant may only proceed to federal court if she can meet the amount-in-controversy requirement set out at 42 U.S.C. § 405.1006(b). For judicial review, the amount in controversy must be $1,000 or more, adjusted by the percentage increase in the medical care component of the consumer price index for all urban consumers (U.S. city average) as measured from July 2003 to the July preceding the current year involved. 42 U.S.C. 405.1006(c). Using that calculation, the amount in controversy requirement at the time Hampton filed her lawsuit in September 2024 was $1,840. See 88 Fed. Reg. 67297 (Sept. 29, 2023).

The calculation of the amount in controversy in a case starts with the actual amount charged the individual for the items and services in the disputed claims. That amount is then reduced by any Medicare payments already made or awarded for the items or services, and any deductible and/or coinsurance amounts that may be collected for the items or services. 42 C.F.R. § 405.1006(d)(1). In Hampton's case, she was never charged for the acupuncture sessions at issue. Therefore, the amount in controversy is $0, which is insufficient under the regulations and leads to the conclusion that her lawsuit must be dismissed for want of jurisdiction. See 42 U.S.C. § 1395ff(b)(1)(E)(i); Mitchell v. Occidental Ins., v. Medicare, 619 F.2d 28, 30 (9th Cir. 1980) (commenting that appellants had no statutory right to judicial review unless the amount in controversy exceeded $1,000).

In her objections to the R&R, Hampton did not discuss the amount in controversy. However, she previously had argued that the amount in controversy was $3,625, which was

10

the sum she would have owed for 25 acupuncture treatments had she paid $145 for each of them out of pocket. See Pl.'s Br. in Opp'n, ECF No. 16 at 6, 18, 23–24. Hampton claims that she signed a "Patient Financial Responsibility Statement" when she obtained services and that she continues to be responsible for that amount. Id. at 6–7. But because the QIC said she could not be held responsible for that amount, and because the Loudoun Medical Group has confirmed that she will not be charged for the acupuncture treatments, the fact that she agreed to be responsible for the amount does not mean that she meets the amount-in-controversy under the regulation because the actual amount charged is $0. See 42 C.F.R. § 405.1006(d)(1).

The court agrees with Judge Hoppe that it does not have jurisdiction to consider Hampton's appeal of the Secretary's dismissal of her case because she does not meet the statutory amount-in-controversy requirement. Because the court does not have jurisdiction to hear the case, it will not rule on the Secretary's alternative grounds for dismissal, i.e., the amount in controversy at the ALJ hearing or the timeliness of her request for MAC review. See United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) ("[W]hen a district court lacks subject matter jurisdiction over an action, the action must be dismissed."). Accordingly, the court **ADOPTS** the R&R, ECF No. 18, **OVERRULES** the objections, ECF No. 20, and **DISMISSES** this case in its entirety.

### C. Challenge to National Coverage Determination (NCD)

The court acknowledges that Hampton wished to challenge the NCD regarding payment by Medicare for acupuncture treatments, but she cannot do so in this lawsuit. As set forth above, the NCD for acupuncture for patients with chronic low back pain provides that Medicare will pay for up to 12 visits in 90 days and an additional 8 sessions for patients

11

demonstrating improvement, with no more than 20 sessions to be administered annually. Hampton believes that this determination is unfair and seeks a jury trial to determine whether a greater number of acupuncture treatments is medically necessary and should be covered by Medicare. Pl.'s Br. in Opp'n., ECF No. 16 at 13.

An NCD is a determination by the Secretary of whether a particular item or service is covered nationally under Medicare. NCDs are binding at all levels of administrative review, except that an ALJ or attorney adjudicator may review the facts of a particular case to determine whether an NCD applies to a specific claim for benefits, and if so, whether the NCD was applied correctly to the claim. 42 C.F.R. § 405.1060. If an aggrieved party wishes to initiate review of an NCD, they must file a written complaint with the Department of Health and Human Services Departmental Appeals Board. The requirements for doing so are set forth at 42 C.F.R. § 426.500. NCD reviews are distinct from the claims appeal processes set forth in 42 C.F.R. § 405(g). 42 U.S.C. § 426.310(a). Because Hampton cannot challenge the NCD for acupuncture to treat chronic lower back pain in this pending action, the court will not consider her claim that Medicare should cover more treatments for acupuncture than it currently covers.

### D. Motion for Appointment of Counsel

Hampton moved for appointment of counsel to represent her in this lawsuit, ECF No. 9, and Magistrate Judge Hoppe denied the motion. ECF No. 19. Hampton seeks reconsideration of Judge Hoppe's denial of her motion. ECF No. 20. Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, with exceptions not relevant here. A district judge

may reconsider any pretrial matter where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Id.

In his order denying appointment of counsel, Judge Hoppe noted that the court cannot require an attorney to represent an indigent civil plaintiff but may only request representation by an attorney for an indigent plaintiff where "exceptional circumstances" exist. Order, ECF No. 19 (citing Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 309 (1989), Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975), and Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984)). Judge Hoppe found that Hampton's case is not complex and that Hampton has demonstrated an adequate ability to file pleadings and briefs. In addition, no jury trial has been scheduled and Judge Hoppe stated that he was unaware of the right to a jury trial in this type of proceeding. Id. Finally, in response to Hampton's request that she be allowed to choose a relative or other non-lawyer to assist in direct and cross-examination of herself as a witness at trial, Mot., ECF No. 9, Judge Hoppe found that the court cannot authorize a non-attorney to act on behalf of a party in court. Order, ECF No. 19.

Hampton seeks reconsideration of Judge Hoppe's order, arguing that her case is complex and that she cannot adequately represent herself at trial. However, having reviewed the pleadings and Judge Hoppe's R&R, the court agrees that this case is not so complicated that the court should ask an attorney to represent Hampton. Hampton has presented her claims ably and the court understands her position regarding the denial of Medicare benefits for acupuncture treatments. Nevertheless, as explained both in Judge Hoppe's R&R and herein, the court lacks jurisdiction to address the merits of this claim because the amount-in-controversy requirement has not been met. Appointing counsel to represent Hampton is not

13

warranted under these circumstances. Accordingly, her motion for reconsideration, ECF No. 20, is **DENIED**.

### III. Conclusion

For the reasons stated, the court **OVERRULES** Hampton's objections, ECF No. 20, **ADOPTS** the R&R, ECF No. 18, **DENIES** Hampton's motion for reconsideration of Judge Hoppe's denial of her motion to appoint counsel, ECF No. 20, and **DISMISSES** her lawsuit.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: August 28, 2025

*/s/ Michael F. Urbanski*

Michael F. Urbanski
Senior United States District Judge